IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARSHALL DEERWESTER,** ) | CV F 09 - 1128 AWI SMS HC |
| ) | |
| Petitioner, ) | ORDER MODIFYING AND |
| v. ) | ADOPTING FINDINGS AND |
| ) | RECOMMENDATION |
| **J. W. SULLIVAN, Warden,** ) | |
| ) | ORDER DENYING PETITION FOR |
| Respondent. ) | WRIT OF HABEAS CORPUS AND |
| ) | DIRECTING ENTRY OF JUDGMENT |
| _____ ) | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of Petitioner's application for parole before the California Board of Parole Hearings. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On November 13, 2009, the Magistrate Judge issued Findings and Recommendations ("F&Rs") that the writ of Habeas Corpus be denied and that judgment be entered in favor of Respondent. Petitioner filed objections to the Magistrate Judge's F&R on December 11, 2009.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C this court has conducted a de novo review of this case. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983). While the court has carefully reviewed the entire file and finds the F&Rs are supported by the record and by proper analysis, the court also finds that recent case authority set

forth in Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) requires that the court amend a portion of the Magistrate Judge's F&Rs.

At page 5 of the Magistrate Judge's F&Rs, the court stated as follows:

> "In Superintendent v. Hill, the Supreme Court held that 'revocation of good time does not comport with the 'minimum requirements of procedural due process,' unless the findings of the prison disciplinary board are supported by *some evidence* in the record.' 472 U.S. 445, 454 (1985), *quoting* Wolf v. McDonnell, 418 U.S. 539, 558 (1974)." Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1128 (9th Cir. 2006) (italics added); Irons v. Carey, 505 F.3d 846, 851 (9th Cir. 2007), *quoting* Hill, 472 U.S. at 457 ("We have held that 'the Supreme Court  ha[s] clearly established that the parole board's decision deprives a prisoner of due process with respect to this interest if the board's decision is not supported by 'some evidence in the record' or is 'otherwise arbitrary.'").  In assessing "whether a state parole board's suitability determination was supported by 'some evidence' in a habeas case, our analysis is framed by the statutes and regulations governing parole suitability determinations in the relevant state." Irons, 505 F.3d at 851.  Here, the Court must look to California law and review the record.  In reviewing the record and determining whether the "some evidence" standard is met, the Court need not examine the entire record, independently assess the credibility of witnesses, or re-weigh the evidence.  Sass, 461 F.3d at 1128.

Doc. #13 at 5:23 - 6:9.

The Ninth Circuit's decision in Hayward emphasized the distinction between "good time credits" and parole.  The Hayward court noted that two cases the Magistrate Judge relied upon to state the legal standard for review of administrative denial of parole, Superintendent v. Hill and Wolf v. McDonnell, are cases that pertain to good time credits, not parole, and so are not on point with regard to the establishment of proper standards for the judicial review of administrative denial of parole.  Hayward, 603 F.3d at 559.  The Hayward court also overruled Sass v. California Bd. of Prison Terms to the extent that case could be "read to imply there is a federal constitutional right regardless of whether state law entitles the prisoner to release." Id. at 555.  Having carefully considered the Ninth Circuit's decision in Hayward and the Magistrate Judge's F&Rs the court concludes that the above-quoted paragraph states the correct standard but cites authority that does not support the application of that standard in the context of review of denial of parole.  The court therefore finds that the above-quoted paragraph must be struck and the following inserted in its place:

2

Based on the Supreme Court decision in <u>Greenholtz v. Inmates of Neb. Penal & Corr. Complex</u>, 442 U.S. 1 (1979), the Ninth Circuit has held that there is no due process argument for a "some evidence" standard with regard to an inmate challenge of a denial of parole. <u>Hayward v. Marshall</u>, 603 F.3d 546, 560 (9th Cir. 2010). The <u>Hayward</u> court concluded that, "in the absence of a state law establishing otherwise, there is no federal constitutional requirement that parole be granted in the absence of 'some evidence' of future dangerousness or anything else." <u>Id.</u> at 561. The Ninth Circuited noted that "[u]nder California law, denial of parole must be supported by 'some evidence,' but review of the Governor's decision is 'extremely deferential.'" <u>Id.</u> at 562 (quoting <u>In re Rosenkrantz</u>, 29 Cal.4th 616 (2002)). The <u>Hayward</u> court summarized the standard applicable under California law thus:

> Since the "some" evidence requirement applies without regard to whether the United States Constitution requires it, we in this case, and courts in this circuit facing the same issue in the future, need only decide whether the California judicial decision approving the governor's decision rejecting parole was an "unreasonable application" of the California "some evidence" requirement, or was "based on an unreasonable determination of the facts in light of the evidence."

<u>Hayward</u>, 603 F.3d at 563 (quoting 28 U.S.C. §§ 2254(d)(1) and (2)).

The Magistrate Judge, after review of the entire file, concluded that the California judicial decision denying parole was based on some evidence and that the conclusion reached at the state level was not unreasonable in light of the evidence. Aside from the above amendment to the Magistrate Judge's Findings and Recommendations, the court has carefully reviewed the entire file, including petitioner's objections and concludes that the Magistrate Judge's findings and recommendations are supported by the record and proper analysis. Petitioner's objections present no bases for questioning the Magistrate Judge's analysis.

Accordingly, it is HEREBY ORDERED that:

3

1. The Report and Recommendation issued by the Magistrate Judge on November 13, 2009, is hereby ADOPTED AS AMENDED;
2. Petitioner's motion for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is hereby DENIED with prejudice;
3. The Clerk of the Court shall enter judgment for the Respondent.

IT IS SO ORDERED.

Dated:    August 25, 2010

CHIEF UNITED STATES DISTRICT JUDGE