IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARSHALL DEERWESTER,** | CV F 09 - 1128 AWI SMS HC |
| Petitioner, | ORDER DENYING ISSUANCE OF |
| v. | CERTIFICATE OF APPEALABILITY |
| **J. W. SULLIVAN, Warden,** | |
| Respondent. | |

Petitioner Marshall Deerwester ("Petitioner"), a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of Petitioner's application for parole before the California Board of Parole Hearings.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  On November 13, 2009, the Magistrate Judge issued Findings and Recommendations ("F&Rs") that the writ of Habeas Corpus be denied and that judgment be entered in favor of Respondent.  On August 26, 2010, the court issued an order adopting the Magistrate Judge's F&R's with minor modification.  Judgment was entered on the same date. Petitioner filed notice of appeal of the court's denial of habeas relief on September 7, 2010.

Title 28 of the United States Code, section 2253, provides as follows in pertinent part:

>(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>>(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>(B) the final order in a proceeding under section 2255.
>
>(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The Supreme Court has found that the Court should issue a certificate of appealability when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 120 S.Ct. 1595, 1603 (2000). The requirement that the petitioner seek a certificate of appealability is a gatekeeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues while at the same time affording petitioners an opportunity to persuade the Court that through full briefing and argument the potential merit of claims may appear. Lambright v. Stewart, Nos. 96-99020, 96-99025, 96-99026, 2000 WL 1118937 (9th Cir. Aug. 4, 2000).  The Supreme Court has found that even the application of an apparently controlling Ninth Circuit rule can be debatable if it conflicts with the rules of another circuit or there is reasonable argument of why the Ninth Circuit should  reconsider the Ninth circuit rule.  See id.

In the present case, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  As the court noted in its order adopting and amending the Magistrate Judge's F&R's, no constitutional right is implicated by the administrative denial of parole.  Further, this court determined the Magistrate Judge applied the proper standard to Petitioner's habeas motion and correctly concluded the administrative denial of parole in this case was based on some evidence.  Reasonable jurists would not debate that petitioner has not shown how he is entitled to federal habeas corpus relief.

Accordingly, the Court hereby ORDERS that petitioner's request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated:     November 2, 2010

CHIEF UNITED STATES DISTRICT JUDGE

3